UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

STACY DUANE WILFONG,

Defendant.

Case No. 1:15-cr-00214-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Defendant Wilfong's Motion for Reduction in Sentence (Compassionate Release). Dkt. 484. The Government opposes the Motion. Dkt. 513.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Wilfong's Motion.

## II. BACKGROUND

On August 24, 2015, a criminal complaint was filed against Wilfong. Dkt. 1. An indictment followed. Dkt. 15. A superseding indictment later identified Wilfong as the leader and organizer of a large drug conspiracy charging him and ten co-defendants with conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

(b)(1)(C), and 846. Dkt. 44. In total, the members of the conspiracy were held responsible for over 10,000 kilograms of converted drug weight consisting of a-PVP, methamphetamine, oxycodone, hydromorphone, and black tar heroin.

Wilfong eventually pleaded guilty (Dkt. 162), and the Court sentenced him to 220 months imprisonment with five years of supervised release to follow (Dkt. 270).

In early 2024, Wilfong filed a motion seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) arguing the retroactive amendment to the guidelines for "status points" applied to him and lowered his guideline range. Dkt. 460. The Government opposed the motion because Wilfong did not receive any status point in his criminal history calculation, and, as a result, the retroactive amendments did not apply to him or lower his sentencing range. Dkt. 463. The Court agreed and denied Wilfong's motion. Dkt. 464.

Wilfong has now filed a second motion for reduction under the auspice of compassionate release. Dkt. 484. In this Motion, Wilfong again claims there is a change in the guidelines he should benefit from, but also that the COVID-19 pandemic made prison conditions extremely harsh, warranting an early release. He also notes his rehabilitative efforts support his request. The Government opposes the Motion on all fronts. Dkt. 513.

Wilfong is currently housed at the federal correction institution in Atwater, California ("USP Atwater") and has an anticipated release date of April 9, 2030.

## III. LEGAL STANDARD

Wilfong seeks compassionate release under the FSA, 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. To grant compassionate release, a district court must first determine whether a defendant has

exhausted his or her administrative remedies. *Id.* Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id.* If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *Rodriguez*, 424 F. Supp. 3d at 680.

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering of abuse by an employee or contractor of the BOP; (5) any other circumstance or combination of circumstances of similar gravity; or (6) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (citing 18 U.S.C. § 994(t)) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

the Director of the BOP—not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the Guideline's statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director and to those brought by individual defendants. U.S.S.G. § 1B1.13(a). These amendments make U.S.S.G § 1B1.13 binding. *See, e.g.*, *United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

The catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason sufficient to justify release.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

As noted, the FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Wilfong petitioned the Warden at USP Atwater for release on September 21, 2025,

on the same bases he now brings before the Court. Dkt. 484-1. There is nothing in the record indicating how, if at all, the Warden responded to Wilfong's request. However, because more than 30 days have passed since Wilfong filed his request, the Court finds he has exhausted his administrative remedies and will continue to the next stage of its inquiry.

**B. Extraordinary and Compelling Reasons**

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Wilfong's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Wilfong bears the burden of establishing that extraordinary and compelling reasons exist to justify release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020). The Court will address each reason for release in turn.

*1. Sentencing Disparity*

First, Wilfong vaguely references that he has served more than ten years of his sentence and that this creates a disparity under the FSA. Dkt. 484, at 2–3.

What Wilfong is likely referring to is the United States Sentencing Commission's policy statement suggesting an "unusually long sentence" *could* be considered for purposes of compassionate release if the person has served at least ten years of his sentence and there is a "gross disparity" between the sentence imposed and what the sentence would be today in light of some intervening change in law. *See* U.S.S.G. § 1B1.13(b)(6).

The problem here, however, is there was no material change under the First Step Act that would apply to Wilfong.

The FSA contained many changes such as expanding the safety-valve criteria in 18

U.S.C. § 3553(f), changing the mandatory minimum sentences applicable to recidivist drug traffickers under 21 U.S.C. § 841(b), and changing applicable sentences for second and subsequent violations of 18 U.S.C. § 924(c). However, none of those are applicable here.

The criminal offense Wilfong was charged with and convicted of did not carry a mandatory minimum. Nor was he charged with a recidivist enhancement or a § 924(c) violation. And he does not meet the expanded § 3553(f) safety valve criteria for numerous reasons including that he possessed a firearm during the offense, that he was a leader in the offense, and his five criminal history points exceed the allowable amount. Without more specific information, the Court cannot divine what FSA provision Wilfong believes applies to him—and the Court cannot independently find any that would.

And even assuming arguendo that Wilfong had identified a change in the law and explained how that change resulted in a gross sentencing disparity in his case, his motion would still fail because the United States Supreme Court has held that nonretroactive changes in the law are not grounds for a sentence reduction under § 3582(c)(1)(A). *Rutherford v. United States*, 146 S.Ct. 1320 (2026).

In short, this cannot serve as the basis for a compassionate release.

*2. COVID-19*

Second, Wilfong argues the "harsher conditions of confinement [during] the entire COVID-19 pandemic" support release. Dkt. 484, at 3.

The Court appreciates that the COVID-19 pandemic was difficult; however, finding those conditions extraordinary or compelling would entitle every prisoner who was incarcerated during the pandemic to a sentence reduction. *United States v. Vela*, 2025 WL

2210928, at *2 (D. Idaho Aug. 2, 2025); *see also United States v. Hernandez*, 2022 WL 910091, at*6 (E.D. Pa. Mar. 29, 2022) (explaining the harsh conditions of COVID-19 applied to all prisoners and did not warrant special treatment).

Wilfong fails to show he was uniquely impacted by the harsh conditions of confinement during COVID-19 and that any continuing impact meets the factors for compassionate release. *United States v. Gonzalez*, 2021 WL 1088258, at *4 (E.D. Pa. Mar. 22, 2021) (concluding a defendant must show unique impact for harsh conditions to contribute to an extraordinary and compelling circumstance).

The Court will not reduce Wilfong's sentence for this reason.

*3. Rehabilitation*

Third and finally, Wilfong asks the Court to consider the numerous courses he has completed while incarcerated as well as his history of no infractions or violations.

The Court commends Wilfong on his efforts to better himself while being incarcerated and remaining compliant with all rules and regulations. But these acts, standing along, cannot justify compassionate release. The Sentencing Commission's applicable policy statement clearly outlines that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" to grant early release. U.S.S.G. § 1B1.13 cmt. n.3 (citing 28 U.S.C. § 994(t)). While courts have occasionally granted early release based upon a successful showing of rehabilitation when combined with other factors, the evidence of rehabilitation itself must rise to the level of "extraordinary and compelling."[3]

[3] For example, in *United States v. Rodriguez*, that court found the evidence submitted in support of the defendant's rehabilitation efforts was "nothing short of remarkable." 492 F. Supp. 3d 306, 311 (S.D.N.Y.

This does not support an early release.

*4. 3553(a) Factors*

Finally, the Court must address the 18 U.S.C. § 3553(a) factors to the extent any are applicable and whether releasing Wilfong early is consistent with the goals of sentencing.[4]

As noted, Wilfong was the leader of a large conspiracy responsible for distributing significant amounts of drugs of varying types. He possessed numerous firearms in furtherance of the drug conspiracy creating substantial danger to the community. When he committed these crimes, Wilfong already had a prior criminal history involving crimes related to drugs and violence.

What's more, Wilfong already received a benefit because the otherwise applicable

---

2020). The defendant submitted a collection of letters from friends, family, fellow inmates, and, most importantly, from 27-prison staff members attesting to his exemplary work ethic, kindness, and overall attitude that had remained consistent over the course of a 20-year sentence. The court there felt the overwhelming evidence the defendant provided regarding his rehabilitation, *combined with* the defendant's health risks and COVID-19 conditions, were compelling enough to grant early release. *Id.*

[4] Under the "Factors To Be Considered in Imposing a Sentence," this statute provides the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]":

> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

guidelines exceeded the statutory maximum term of imprisonment, resulting in a reduced guideline range of 240 months. The Court showed leniency and sentenced him to a below-guideline sentence of 220 months. A further reduction is not supported by the § 3553(a) factors, nor would it be consistent with the punitive and remedial goals of sentencing.

## V. CONCLUSION

Wilfong properly exhausted his administrative remedies. However, the Court finds he has not presented compelling and extraordinary reasons for his release or that a reduction in his sentence would be consistent with the § 3553(a) sentencing factors.

Accordingly, the Court DENIES Wilfong's Motion for Compassionate Release.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Wilfong's Motion for Compassionate Release (Dkt. 484) is **DENIED.**

DATED: August 18, 2026

David C. Nye
U.S. District Court Judge